## UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| WILSON ELECTRONICS, LLC, a Delaware Limited Liability Company, | Case No.: 4:24-cv-00073-AMA-PK |
| Plaintiff, | **MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR DISCOVERY AFTER CLERK'S ENTRY OF DEFAULT** |
| vs. | |
| SHAOPENG YE dba OBDATOR, a Chinese individual; and SHENZHEN FUZHIXING ELECTRONICS CO., LTD., a Chinese limited liability company, | District Judge Ann Marie McIff Allen Magistrate Judge Paul Kohler |
| Defendants. | |

This matter came before the Court on Plaintiff's Motion for Discovery after Clerk's Entry of Default ("the Motion").[1] Plaintiff alleges Defendants infringed on Plaintiff's patents by selling cell phones that practice the asserted patents on Amazon's U.S. marketplace.[2] Following service of process, Defendants failed to answer or defend the matter, and on December 12, 2024, a default certificate was entered against them.[3] Plaintiff now seeks leave to conduct discovery following the entry of default against Defendants.

Plaintiff seeks limited discovery from Amazon to ascertain the amount of the Defendants' sales of infringing products.[4] "In particular, Plaintiff will seek discovery as to the customer

---

[1] Docket No. 20, filed December 17, 2024.

[2] *Id*. at 2.

[3] Docket No. 19.

[4] Docket No. 20 at 5.

locations and sales volumes for each of the Amazon product listings at issue in this case."[5] Plaintiff argues this discovery will aid the Plaintiff in making a showing of damages in its motion for default judgment and will aid the Court in determining the proper measure of default judgment.[6]

Rule 26 of the Federal Rules of Civil Procedure governs the scope and timing of discovery in civil cases. Under Rule 26(d)(1), a party "may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," unless exempted by rules not relevant here "or by court order."[7] Since Defendants have defaulted, the parties have not conferred as required by Rule 26(f). However, courts have "broad discretion over the control of discovery,"[8] and this latitude extends to allowing discovery in the absence of a Rule 26(f) conference.[9] This court and other courts have allowed discovery following entry of default but before entry of a default judgment,[10] as doing so "serves judicial economy by allowing [p]laintiff[s] to be accurate in [their damages] calculations."[11]

Defendants' failure to respond has halted this litigation. It serves the interest of judicial economy to permit Plaintiff to both move this case forward and be accurate in its calculations.

---

[5] *Id.*

[6] *Id.*

[7] Fed. R. Civ. P. 26(d)(1).

[8] *Sec. & Exch. Comm'n v. Merrill Scott & Assocs., Ltd.*, 600 F.3d 1262, 1271 (10th Cir. 2010).

[9] *See* Fed. R. Civ. P. 26(d)(1) (allowing a party to conduct discovery prior to a Rule 26(f) conference if ordered by the court).

[10] *See Neck Hammock, Inc. v. Bianli Zhang*, No. 2:19-cv-00506, 2020 WL 1433857 at *1 (D. Utah Mar. 24, 2020) (unpublished) (collecting cases).

[11] *Id.* at *1.

Therefore, the Court will exercise its discretion and allow limited discovery as to damages prior to a Rule 26(f) conference. IT IS HEREBY ORDERED:

Plaintiff's Motion (Docket No. 20) is GRANTED. Plaintiff may proceed with discovery regarding damages.

DATED this 18th day of December, 2024.

BY THE COURT:

_____
PAUL KOHLER
United States Magistrate Judge